IN THE UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | * | |
| | * | |
| v. | * | Crim. No. 11-161 |
| | * | |
| CHRISTOPHER RAD | * | |
|     Defendant, | * | |

## MOTION TO DISMISS
## FOR FAILURE TO PROVIDE INDICTMENT
### *IN HAEC VERBA*

**COMES NOW, Defendant Christopher Rad, by and through his attorney of record, Francis W. Williams Montenegro, and moves this court to dismiss the indictment against him for the Government's failure to provide the tenor of the alleged instrument(s)** *in haec verba*, **in violation of his right to a fair trial, the Fifth Amendment to the United States Constitution's guarantee of due process of law and the United States Constitution's 6th Amendment right to be informed of the nature and cause of the accusation against him as well as to have effective assistance of counsel, and in support thereof would show as follows:**

**I. Defendant Christopher Rad is charged in a 25 page indictment with**

**A) Conspiracy to Commit Securities Fraud by 1) use of manipulative devices, 2) making untrue statements of material facts and omitting other material facts, and 3) acts and practices and courses of conduct which would operate as a fraud;**

**B) Materially falsifying header information in multiple electronic messages in furtherance of said securities fraud, and**

**C)   Registering, using information that materially falsified the identity of actual registrant five or more e-mail accounts, and intentionally initiating the transmission of multiple commercial e-mails from any combination of such accounts in furtherance of said securities fraud.**

**II. The allegations in the indictment describe a "pump and dump scheme" and accuse Defendant of orchestrating and conspiring to orchestrate a fraud involving materially false statements, materially falsifying the header information of "spammed" e-mail, and materially falsifying the registration of e-mail accounts. The multiple allegations can be summed up as involving deceit and fraud through written misrepresentations.**

**III.   For all the redundant allegations of falsifying or materially falsifying information, nowhere in the indictment does the Government provide a single document, e-mail, header, or even the tenor of such to state that such-and-such document is materially falsified.**

**Paragraph 2a on page 3 of the indictment states "Usually the pump involved disseminating misleading promotional materials – unsolicited advertisements touting a particular stock and encouraging others to purchase the stock – which often were sent to millions of recipients by fax or "blasts" of e-mails.  The indictment does not include even a summary of what those misleading materials might be or how they were misleading.  It does not include a copy of the "advertisements" or of any single one of the emails or faxes attributable to**

Defendant's responsibility. The allegation of millions of faxes is especially interesting both because out of so many faxes it seems that at least one of them would have survived to attach to the indictment and well as because Defendant has never sent a fax solicitation nor directed anyone else to do so either, yet the implication in the indictment is that he must defend himself against millions of sent faxes whose content everyone including the Defendant and the jury should only imagine.

By failing to lay out the material misrepresentations, the Government has failed to provide the Defendant with adequate notice of the exactly what it he is supposed to have materially falsified and how.

The Government's failure to provide such document(s) *in haec verba* also failed to provide the grand jury with the gravamen of the offenses charged, instead confusing them with redundant allegations, many of which are attributed to "perpetrators", unnamed co-conspirators, or even no one at all. The failure to provide the allegations of materially falsified text according to its tenor deprives the Defendant of the nuanced text which he is alleged to have gotten wrong to the extent that it is criminal. The Defendant cannot defend himself against accusations which are only oft-repeated legal conclusions but never describe the exact tenor of the alleged falsity. For example, Defendant will show that his messages were targeted to persons who opted to receive updates concerning the goods about which he provided information which was otherwise available to the public but which would require knowledgeable or specialized Google queries and assimilation of various facts from different resources. For any e-mail that is presented as false, misleading, and

*Motion to Dismiss for Failure to Provide Indictment In Haec Verba*  
*Francis Williams Montenegro*  
*Attorney for Christopher Rad*

3

unsolicited, Defendant will show that the email is sent to a person who requested such information, that the information sent was timely and accurate, that due diligence was performed on his part to assure that such information was accurate and included all necessary or desirable disclaimers. But without having the tenor of the accusation laid out in the accusation *in haec verba*, Defendant is left with general, conclusory accusations and a defense which can only a general statement of what his customary practice was which necessarily is conclusory but would appear to be statements made in self-interest. A self-interested defense is perfectly valid, but when offered against general, conclusory accusations, it is more likely to be viewed with suspicion and result in a conviction although he is entitled to confront specific accusations according to their tenor, *in haec verba* so that he may prepare a direct response to a specific accusation and thereby be entitled to a defense.

Finally, the accusations in the indictment when not laid out according to their tenor provide the Defendant no protection from the Government against future accusations whether in this District or another for similar, ancillary, or even identical accusations because the Government can easily claim "This is a completely different document from his previous prosecution." In fact, if Defendant does not protect himself by asking for the exact document *in haec verba* which he is alleged to have falsified, he not only makes a conviction on vague accusations more likely, but he is responsible for not having delineated the jeopardy which he previously defended. Defendant would like to think that the Government would not go so far as to spend enormous amounts of money to prosecute similar or even identical accusations in a second jeopardy, but the fact is, and it can be shown at pre-trial

*Motion to Dismiss for Failure to Provide Indictment In Haec Verba*                                     4
*Francis Williams Montenegro*
*Attorney for Christopher Rad*

and at the jury trial, that despite the horrible accusations in the indictment (the most horrible of which are oddly enough attributed to NO ONE, "perpetrators"), the case against Defendant boils down to an extraordinarily technical violation - different FROM names which may or may not have been sent by someone else. The use of different names may not actually be a 18 USC §1037 violation, notwithstanding that CAN-SPAM with its civil remedies defines "header information" as liberally as anything "purporting to identify" a sender. 18 USC §1037 provides a different standard focused on the <u>materiality</u> of the falsification. Materiality analysis requires a study of the words, word for word and then an analytical comparison with the end of determining whether the nuanced difference moves from the protected free speech realm all the way to the criminal realm, and that analysis cannot be done when the *corpus delecti,* which exists in material text is not provided to the grand jury as well as the Defendant so that he may prepare an adequate defense to that "word intensive" *corpus delecti*. For that reason, cases involving exact words have always required an allegation *in haec* verba in cases such as forgery, anonoymous letters, instruments of theft or deceit, and threats. Speaking so as distinguish instances in which the very indecency of the words justify not following that rule, the U.S. Supreme Court held in <u>Bartell v. United States</u> "While it is true that ordinarily a document or writing essential to the charge of crime must sufficiently described to make known its contents or the substance thereof, there is a well-recognized exception. 227 U.S. 427, 33 S.Ct 383, 57 L.Ed. 583 (1913). Justice Day goes on to quote Justice Harlan in <u>Rosen v. United States</u>, 161 U.S. 29, at p. 40, 40 L ed. 606, 16 Sup. Ct. Rep. 434, 480, 10 Am. Crim. Rep. 251.

"in such case, the accused may apply to the court before the trial is entered upon for a bill of particulars, showing what parts of the paper would be relied on by the prosecution as being obscene, lewd, and lascivious…" So even for the well-known exception to the 6th Amendment right to have the words attached the indictment *in haec verba*, the Defendant would still have the right to those exact words relied upon by the Government so that he may mount the defense which the 6th Amendment allows him.  The least the Government should do is provide the exact tenor of the material falsifications *in haec verba,* unless the Government believes the words to be obscene, lewd, or lascivious.  <u>Bartell</u>'s point of error was "That the facts stated in said indictment are not sufficient to and do not constitute a crime."

IV.  Finally, at the Arraignment, pursuant to Your Honor's questioning, the Government claimed venue in the District of New Jersey because someone in New Jersey received an e-mail promoting the subject stock which was allegedly materially falsified.  In all fairness, the Government also alleged that a brokerage firm that was hacked or had processed transactions was also located in New Jersey.  The very first document attached to the indictment should lay out all the applicable allegations of alleged illegality, including the alleged misleading statements in the e-mail, the alleged falsified header, the alleged false routing information, the alleged illicit proxy information, and/or, the name and location of the New Jersey recipient of such information.

**WHEREFORE PREMISES CONSIDERED,** Defendant prays that the Indictment be dismissed and that the Government be ordered to provide the alleged words alleged to be materially falsified *in haec verba.*

          Respectfully submitted,

          Francis Williams Montenegro
          Attorney at Law
          1604 San Antonio St.
          Austin, TX 78701
          Tel. 512-476-1212
          Fax. 512-476-3178
          Attorney for Defendant
          Christopher Rad

**CERTIFICATE OF SERVICE**

A true and correct copy of the above and foregoing Notice of Appearance of Francis Williams Montenegro Attorney for Christopher Rad is this 28th day of July 2012 served on Christopher Kelly, Assistant United States District Attorney.

/s/ Francis Williams Montenegro
TX Bar 21533500

Francis W. Williams Montenegro
Attorney for Defendant
Christopher Rad