IN THE UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | * | |
| | * | |
| v. | * | Crim. No. 11-161 |
| | * | |
| CHRISTOPHER RAD | * | |
|     Defendant, | * | |

**NOTICE OF DEPOSITION,
MOTION TO DEPOSE A MATERIAL WITNESS,
AND MOTION TO TAKE DEPOSITION OUTSIDE THE UNITED STATES WITHOUT
THE DEFENDANT'S PRESENCE**

TO THE HONORABLE JUDGE OF SAID COURT:

    COMES NOW Defendant in the above entitled and numbered cause, and respectfully moves the Court to allow the deposition of a material witness pursuant to Rule 15 of the Federal Rules of Criminal Procedure and to and in support thereof would show as follows:

1.  Scott Miller is a material witness who introduced James Bragg, the Government's main witness, to the Defendant.  He can also testify as to his course of business with both James Bragg and with Defendant as well as the course of business between Bragg and Defendant all of which are material facts.

2.  Scott Miller is a resident of Canada which is beyond the reach of the subpoena power available to Defendant for his defense.  Scott Miller is not willing nor able to travel to the United States to testify regarding the facts he knows in this case.  Mr. Miller has a condition which has been diagnosed as "plunging ranula."  It is a glandular problem which almost killed him recently but for an immediate surgery.  He explains that the first surgery is usually enough to cure patients in 90% of cases, but that he is in the unfortunate percentage that will require a second surgery, and he is vulnerable to another seizure until then.  Therefore,  there is a substantial likelihood that Scott Miller's attendance at trial cannot be obtained and that his deposition in the United States cannot be obtained.  Scott Miller, however, is willing to answer questions in his own country, under oath, and is available to be cross-examined by the Government.

3.     Scott Miller lives at 6163 Denverway in Nanamio British Columbia.

4.  The deposition is scheduled for November 11, 2012 at 10a.m. at 6163 Denverway, Nanmio, British Columbia, Canada.

5.     The Defendant cannot be present at the deposition because Canada will not permit the defendant to attend the deposition without a passport, and the Government is in possession of Defendant's passport.  Defendant is Canadian.  Furthermore, no reasonable conditions will assure an appearance at the deposition or at trial.  Finally, the Defendant can meaningfully participate in the deposition through reasonable means.  The deposition can be video recorded and held via video conferencing after the witness is dutifully sworn.

WHEREFORE, PREMISES CONSIDERED, the Defense prays that the court grant the Motion to Depose a Material Witness and allow the deposition be taken without the Defendant's presence.

                                        **Respectfully submitted,**

                                        **/s/  Francis Williams Montenegro**

                                        **Francis Williams Montenegro**
                                        **Attorney at Law**
                                        **1604 San Antonio St.**
                                        **Austin, TX 78701**
                                        **Tel. 512-476-1212**
                                        **Fax. 512-476-3178**
                                        **Attorney for Defendant**
                                        **Christopher Rad**

## CERTIFICATE OF SERVICE

A true and correct copy of the above and foregoing Defendant's Notice of Deposition, Motion to Depose Material Witness, and Motion to Take Deposition Outside the United States Without the Defendant's Presence  is this 26th day of October 2012 served on Erez Lieberman, Assistant United States District Attorney via e-mail at erez.liebermann@usdoj.gov.

/s/ Francis Williams Montenegro
TX Bar 21533500

**Attorney for Defendant
Christopher Rad**