U.S. Department of Justice

*United States Attorney*
*District of New Jersey*

_____

*Erez Liebermann*              970 Broad Street, Suite 700         (973)645-2874
*Assistant U.S. Attorney*      Newark, NJ 07102                    Fax: (973)645-3497

November 5, 2012

Hon. Joel A. Pisano
United States District Judge
Clarkson S. Fisher Building & U.S. Courthouse
402 East State Street Room 2020
Trenton, New Jersey 08608

      Re:    United States v. Christopher Rad
             Crim. No. 11-161 _____

Dear Judge Pisano:

Please accept this letter brief in lieu of a more formal submission in support of the Government's motion to introduce certain evidence pursuant to Federal Rule of Evidence 404(b). In particular, the Government seeks to introduce evidence that defendant engaged in similar activities to those charged in the Superceding Indictment both before and after the dates of the charged conspiracies. As more fully set forth below, this evidence should be admitted under Rule 404(b) to prove "intent, preparation, plan, knowledge, identity, [and] absence of mistake." Fed. R. Evid. 404(b).

## I.    BACKGROUND

### A.    The Charged Crimes

Defendant is charged with, among other things, conspiracy to engage in securities fraud and distribute spam. All of these charges arise out of defendant's participation with others in a pump and dump scheme. The charged pump and dump scheme began in or about May 2007 through in or about February 2009. A full summary of the facts is set forth in the Government's Response to Defendant's Motions to Dismiss the Superceding Indictment and Suppress certain evidence.

### B.    The Other Wrongs and Acts

The Government intends to offer in its case-in-chief a number of Skype chats and e-mails sent to or from defendant Rad that include discussions of various pump and dump schemes and e-mail distributions relating to other products, such as pharmaceutical sales and online

pharmacies, but which predate the charged conspiracies.

## II.   THE EVIDENCE IS ADMISSIBLE UNDER RULE 404(b)

### A.    Rule 404(b) – In General

Rule 404(b) provides:

> Evidence of other crimes, wrongs, or acts is not admissible to prove the character
> of a person in order to show that he acted in conformity therewith.  It may,
> however, be admissible for other purposes, such as proof of motive, opportunity,
> intent, preparation, plan, knowledge, identity or absence of mistake or accident.

Fed R. Evid. 404(b).

Rule 404(b) is intended to "be construed as a rule of 'inclusion' rather than a rule of 'exclusion' in order to emphasize the admissibility of other acts evidence."  *Gov't of Virgin Islands v. Edwards*, 903 F.2d 267, 270 (3d Cir. 1990); *see also United States v. Sampson*, 980 F.2d 883, 886 (3d Cir. 1992) (Rule 404(b) "is inclusive, not exclusive, and emphasizes admissibility.").  Thus, as long as it is offered for a purpose apart from proof of character, other acts evidence is subject only to the typical limitations under Rules 402 and 403.  *Edwards*, 903 F.2d at 270; *see also United States v. Ayinde*, 127 Fed. Appx. 587, 589 (3d Cir. 2005) ("The requirements of Rule 404(b) are not stringent; '[a]ll that is needed is *some* showing of a proper relevance.'").

In order for such "other acts" evidence to be admitted, the evidence must: (1) have a proper purpose, such as to show opportunity, intent, preparation, plan, knowledge, or identity; (2) be relevant; (3) have a probative value that is not substantially outweighed by the dangers of unfair prejudice; and (4) be accompanied by a limiting instruction to the jury that it can consider the evidence only for the limited purpose for which it is being admitted.  *United States v. Daraio*, 445 F.3d 253, 264 (3d Cir. 2006).

### B.    Evidence of Prior Involvement with commercial e-mail is not excluded under Rule 404(b)

The evidence of prior bulk e-mail campaigns is not offered to prove character or propensity.  Rather, it is offered to prove:  (1) that the defendant acted knowingly and intentionally and (2) not by accident or mistake.

The earlier spam is admissible under Rule 404(b) to prove knowledge, intent and absence of mistake.  The fact that the defendant engaged in earlier schemes to promote stocks by sending bulk email and also promoted other products by bulk e-mail mailings demonstrates that his actions were not by mistake.   Defendant may claim that he lacked the technical knowledge to

understand spam and was simply a middleman caught up in the illegal actions of others.  The evidence the Government intends to introduce demonstrates otherwise.

Some of the prior conduct is also with mailers used by Rad during the time of the conspiracy.  The Third Circuit has held squarely that "Rule 404(b) evidence is especially probative when the charged offense involves a conspiracy," and "[f]or this reason, the Government has broad latitude to use 'other acts' evidence to prove a conspiracy."  Cross, 308 F.3d at 324 (citing United States v. Mathis, 216 F.3d 18, 26 (D.C. Cir. 2000)).  Therefore, evidence tending to show prior actions by Rad and his coconspirators is probative of knowledge and intent.

### III.    CONCLUSION

For all of these reasons, the United States respectfully requests that the Court approve the admission of this evidence under Rule 404(b).

Respectfully submitted,

PAUL J. FISHMAN
United States Attorney

/s Erez Liebermann

By: Erez Liebermann
        Andrew S. Pak
Assistant United States Attorneys

cc:     Francis Montenegro, Esq.