UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

_____
:
:
:
UNITED STATES OF AMERICA,      :
                               :      Crim. Action No. 11-161 (JAP)
                               :
    v.                         :
                               :      **ORDER**
CHRISTOPHER RAD                :
                               :
                               :
_____:

Presently before the Court are the following pretrial motions filed by Defendant: (1) "Motion To Dismiss For Failure To Provide Indictment *In Haec Verba*" (D.I. 18, 21); "Motion To Dismiss -Free Speech And Overbreadth" (D.I. 19); "Motion To Dismiss For Being Void For Vagueness" (D.I. 20); "Motion For Disclosure And Production Of Exculpatory And Mitigating Evidence" (D.I. 22); "Motion To Dismiss -Freedom Of The Press" (D.I. 26); "Motion To Depose A Material Witness, And Motion To Take Deposition Outside The United States Without The Defendant's Presence" (D.I. 27, 35); "Amended Motion to Su[p]press Evidence" (D.I. 28). Also before the Court are the following pretrial motions filed by the United States: (1) motion to introduce certain evidence pursuant to Federal Rule of Evidence 404(b) (D.I. 37); (2) motion to exclude defendant's proposed expert testimony (D.I. 38). The Court reviewed the papers submitted by the parties in support of and in opposition to the motions, and advised the parties of its decision on each of the motions during a telephone conference held on November 8, 2012. This Order follows. For the reasons herein,

IT IS on this 14th day of November 2012

ORDERED that, the Court finding that the indictment is sufficiently clear to put Defendant on notice of the charges against him,[1] Defendant's "Motion To Dismiss For Failure To Provide Indictment *In Haec Verba*" (D.I. 18, 21) is DENIED; and it is further

ORDERED that, while Federal Rule of Criminal Procedure 15 provides that a party may take a deposition of a witness in "exceptional circumstances" and when it is "in the interest of justice" to do so, here Defendant has failed to show the existence of such exceptional circumstances and, therefore, his "Motion To Depose A Material Witness, And Motion To Take Deposition Outside The United States Without The Defendant's Presence" (D.I. 27, 35) is DENIED; and it is further

ORDERED that, Defendant having failed to argue facts that establish the existence of any constitutional infirmity, Defendant's "Amended Motion to Su[p]press Evidence" (D.I. 28) is DENIED; and it is further

ORDERED that, because the Court finds the issues raised by Defendant to be inapplicable under the circumstances of this case, Defendant's "Motion To Dismiss--Free Speech And Overbreadth" (D.I. 19) and "Motion To Dismiss--Freedom Of The Press" (D.I. 26) are DENIED; and it is further

ORDERED that Defendant's "Motion To Dismiss For Being Void For Vagueness" (D.I. 20) is DENIED, as the relief sought by Defendant is more appropriately raised in a request for a bill of particulars; and it is further

ORDERED that "Defendant's Motion For Disclosure And Production Of Exculpatory And Mitigating Evidence" (D.I. 22) is DENIED AS MOOT; and it is further

ORDERED that the government's motion to introduce certain evidence pursuant to Federal Rule of Evidence 404(b) (D.I. 37) is RESERVED for trial; and it is further

---

[1] Additionally, the government provided the Defendant with substantial discovery.

ORDERED that, the Court finding that the Defendant has failed to meet his obligations under Federal Rule of Criminal Procedure 16 to provide the government with a sufficient written summary of expert testimony he intends to use at trial,[2] the government's motion to exclude defendant's proposed expert testimony (D.I. 38) is GRANTED.

/s/ JOEL A. PISANO
United States District Judge

---

[2] Rule 16 requires that the defendant "describe the witness's opinions, the bases and reasons for those opinions, and the witness's qualifications." Fed. R. Crim. P. 16(b)(1)(C). Defendant failed to provide this information.